UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| PATTI M. COX | CIVIL ACTION NO. 20-cv-0062 |
| VERSUS | JUDGE DONALD E. WALTER |
| CAPITAL ONE BANK NA, ET AL | MAGISTRATE JUDGE HORNSBY |

### REPORT AND RECOMMENDATION

**Introduction**

Patti M. Cox alleges that she and Mr. Joseph Wojtkiewicz once lived in a home on Tampa Way in Shreveport, Louisiana. Capital One allegedly foreclosed on the home in 2014. Ms. Cox filed suit in state court and asserted multiple claims against Capital One; Dean Morris, LPP; John F. Luck; and Luck Properties, LLC. The state court entered a judgment that dismissed the complaint with prejudice. Ms. Cox then filed this federal action against the same defendants and asked this court to reverse the state court's judgment. For the reasons that follow, it is recommended that this civil action be dismissed based on the Rooker-Feldman doctrine.

**Relevant Facts**

Ms. Cox filed a 66-page petition in the First Judicial District Court. A copy of the petition has been filed in this record at Doc. 5. She alleged that she and Mr. Wojtkiewicz were living in a home on Tampa Way in Shreveport. Capital One held a mortgage on the home. Ms. Cox alleged that the lender "unlawfully denied review" of a loan modification application ("LMA"). Capital One eventually foreclosed on the home.

The Dean Morris law firm apparently handled the foreclosure. Ms. Cox accused the firm of tortious interference with contract because its actions allegedly interfered with Mr. Wojtkiewicz's LMA review process and caused him and Ms. Cox to suffer damages as a result of the foreclosure.

Mr. Luck or his company apparently purchased the home after the foreclosure. Ms. Cox alleged that Luck "formed a conspiracy or agreement to keep the auction price of the home as low as possible by telling the person next to him not to bid any higher on the home."

Ms. Cox saved most of her allegations for Capital One, which she accused of committing virtually every tort imaginable, breach of contract, and violations of state and federal consumer protection laws. The state-court petition included lengthy discussions of the 2008 financial crisis, the global financial crisis of 2007-2012, congressional bailout via the Troubled Asset Relief Program, shadow banking, structured financial engineering, subprime lending, predatory loans, and redlining. Ms. Cox invoked laws including the Fair Housing Act, the Homeowner's Loan Act of 1933, the Housing Act of 1949, the Housing Act of 1961, the Home Ownership and Equity Protection Act, and the Real Estate Settlement Procedures Act. Her state court petition prayed for a judgment awarding compensatory and punitive damages.

The defendants appeared in state court and filed various exceptions that raised several defenses. Judge Michael Pitman, after conducting a hearing, entered a written judgment on December 13, 2019 that granted exceptions based on prescription, no cause of action, and no right of action. The judgment dismissed the suit with prejudice. Ms. Cox

attached a copy of that judgment to her federal complaint (Doc. 1-3). A copy of the minutes from the state court have been filed in the record at Doc. 6.

After losing in state court, Ms. Cox commenced this federal action by filing a complaint against the same four defendants. She made the same allegations of fact concerning Mr. Wojtkiewicz and Capital One's alleged failure to review the LMA and proceeding with a foreclosure. Ms. Cox's complaint prayed that this court enter judgment "reversing the District's Court (sic) dismissal of the case and grant a new fair and impartial jury trial on all issues" presented. She also filed with her federal complaint a notice of appeal that stated she wished to appeal from the state-court judgment.

**Analysis**

Plaintiff's federal complaint is plainly an effort to overturn the state court's final decision that dismissed her state court suit. Federal courts have limited jurisdiction, and they lack jurisdiction to entertain collateral attacks on final state court judgments. This rule is known as the Rooker-Feldman doctrine. The Supreme Court has explained that the federal courts lack jurisdiction under the doctrine over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 125 S.Ct. 1517, 1521-22 (2005).

That is precisely what we have here. Ms. Cox lost in state court, she complains of injury caused by the allegedly erroneous state-court judgment that was rendered by Judge Pitman before this federal case was filed, and the asks the federal court to reverse the state

court judgment. Her federal suit is, therefore, barred by the Rooker-Feldman doctrine. To the extent Ms. Cox seeks to overturn the state court judgment in the 2014 foreclosure action, that is also barred by Rooker-Feldman. Stuckey v. Bank of America, __ Fed. Appx. __, 2020 WL 686467 (7th Cir. 2020); Morris v. Wells Fargo Bank, 677 Fed. App'x 955 (5th Cir. 2017). See also Hagerty v. Succession of Clement, 749 F.2d 217, 220 (5th Cir. 1984) ("A plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action."). If a state court errs, the judgment is to be reviewed and corrected by the appropriate state appellate court. Recourse through the federal level is then limited to an application for a writ of certiorari to the United States Supreme Court. Weekly v. Morrow, 204 F.3d 613, 615 (5th Cir. 2000).

The Rooker-Feldman doctrine bars Ms. Cox's federal effort to appeal or relitigate the state court's final judgment in this court. If Ms. Cox wished to seek appellate relief from Judge Pitman's judgment, it was her obligation to do so within the state court appellate system.[1] This federal court lacks subject matter jurisdiction over the complaint presented.

Accordingly,

It is recommended that Plaintiff's complaint be dismissed without prejudice for lack of subject matter jurisdiction.

---

[1] It appears that the time allowed for Ms. Cox to perfect an appeal in the state court system has expired. La. C.C.P. art. 2087, 1974, and 1811.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 27th day of February, 2020.

Mark L. Hornsby
U.S. Magistrate Judge